FILED
United States Court of Appeals
Tenth Circuit

April 1, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEONARD EDWIN BILLINGS,

Defendant - Appellant.

No. 14-3275
(D.C. No. 5:13-CR-40074-JAR-2)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **HOLMES** and **MATHESON**, Circuit Judges.

After accepting a plea agreement that included an appeal waiver,

Leonard Edwin Billings pleaded guilty to conspiracy to possess with intent to

distribute and distribution of methamphetamine.  He was sentenced to 94 months'

imprisonment, well below the guidelines range of 188 to 235 months.  When he

appealed, the government moved to enforce the appeal waiver under *United States v.*

*Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

---

[*]     This panel has determined that oral argument would not materially assist the
determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The
case is therefore ordered submitted without oral argument.  This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In response, counsel stated that Mr. Billings wants to appeal the district court's determination of the drug quantity and his counsel's performance at sentencing. Counsel asserted that he could not make a non-frivolous argument as to any of *Hahn*'s three appeal-waiver factors: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. Counsel also moved to withdraw. We provided Mr. Billings an opportunity to respond to his counsel's filings, but to date we have received no response.

We have independently reviewed the record in light of the parties' filings to decide whether an opposition to the government's motion to enforce is "wholly frivolous." *Anders v. California*, 386 U.S. 738, 744 (1967). We agree with Mr. Billings' counsel that, on this record, Mr. Billings can assert no non-frivolous arguments to support a determination that the appeal waiver does not apply to a challenge to the district court's determination of the drug quantity. This issue falls within the scope of the appeal waiver; there is no indication that the waiver was not knowing and voluntary; and none of the requirements for a miscarriage of justice are satisfied.

To the extent Mr. Billings also wishes to challenge his counsel's performance, we have held that arguments regarding ineffective assistance of counsel ordinarily are best left to collateral proceedings under 28 U.S.C. § 2255. *See United States v.*

*Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc); *Hahn*, 359 F.3d at 1327 n.13 (stating that its holding "does not disturb [the] longstanding rule" of generally considering ineffective-assistance claims on collateral review). We therefore do not address this claim in this proceeding.

The motion to withdraw is granted. The motion to enforce also is granted and this appeal is dismissed, without prejudice to Mr. Billings raising in a collateral proceeding his claim of ineffective assistance of counsel.

Entered for the Court
Per Curiam
